UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8|23|05

-------------------------------------------X

J. ROGER FAHERTY,

                 Plaintiff,

    - against -

SPICE ENTERTAINMENT, INC.; PLAYBOY
ENTERPRISES, INC.; PLAYBOY ENTERPRISES
INTERNATIONAL INC.; D. KEITH HOWINGTON,
ANNE HOWINGTON, and LOGIX DEVELOPMENT
CORPORATION,

               Defendants.

-------------------------------------------X

04 Civ. 2826 (RWS)

O P I N I O N

A P P E A R A N C E S:

Attorneys for Plaintiff:

     MONAGHAN, MONAGHAN, LAMB & MARCHISIO, LLP
     28 West Grand Avenue
     Montvale, NJ 07645
     By:   PATRICK J. MONAGHAN, JR., ESQ.
          Of Counsel

     LANDMAN CORSI BALLAINE & FORT P.C.
     120 Broadway, 27th Floor
     New York, NY 10271
     By:   WILLIAM G. BALLAINE, ESQ.
          Of Counsel

Attorneys for Defendants: D. Keith Howington, Anne Howington,
     and Logix Development Corporation

     MORRISON MAHONEY LLP
     17 State Street, Suite 1110
     New York, NY 10004
     By:   BRIAN P. HEERMANCE, ESQ.
         PHILIP ZIEGLER, ESQ.
          Of Counsel

     MANNING & MARDER, KASS ELLROD, RAMIREZ
     660 South Figueroa Street, 23rd Floor
     Los Angeles, CA 90017
     By:   ANTHONY J. ELLROD, ESQ.
         STEVEN J. RENICK, ESQ.
          Of Counsel

**Sweet, D.J.,**

Defendants Logix Development Corporation (hereinafter, "Logix") and D. Keith Howington and Anne Howington (hereinafter, the "Howingtons") (collectively, the "Defendants") have moved for dismissal of the complaint filed by plaintiff J. Roger Faherty (hereinafter, "Faherty) based on: (1) lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P.; (2) improper venue pursuant to Rule 12(b)(3), Fed. R. Civ. P.; and (3) failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed. R. Civ. P.

For the reasons set forth below, the motion to dismiss is granted for lack of personal jurisdiction under Rule 12(b)(2), Fed. R. Civ. P. Lacking the requisite jurisdiction, this Court refrains from reaching the merits of the remaining issues presented.

**Prior Proceedings**

Plaintiff filed his complaint on April 14, 2004, commencing this action against Defendants Playboy Enterprises Inc., Playboy International Inc., Spice Entertainment Inc., Logix, and the Howingtons. The initial complaint alleged four causes of action: breach of contract, statutory indemnification, tortious interference with a contract, and common law conspiracy.

1

On January 14, 2005, Defendants Logix and the Howingtons moved to dismiss the complaint on grounds of lack of jurisdiction, improper venue, and failure to state a claim. Faherty filed opposition to the motion to dismiss and cross-moved to stay the instant proceedings pending resolution of an ongoing and related suit currently scheduled for trial in the Superior Court of California, County of Los Angeles. The motion was marked fully submitted on March 9, 2005.

Defendants Playboy Enterprises Inc., Playboy International Inc. (hereinafter, collectively "Playboy") and Spice Entertainment Inc., (hereinafter, "Spice") have stipulated with Faherty to staying the instant action pending the resolution of the California suit. This Court so ordered the parties' stipulation on February 11, 2005. As such, the instant motion to dismiss does not encompass any arguments set forth by Defendants Playboy or Spice.

**The Facts**

The facts are set forth in the statements of the parties and are not in dispute except as noted below. All well-pleaded allegations are accepted as true for the purpose of this motion. See Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002). The following statements do not constitute findings of the Court.

Faherty, a citizen and resident of New Jersey, filed a complaint on April 14, 2004, against Defendants Spice and Playboy, Defendant Logix, and Defendants D. Keith Howington and Anne Howington.

Defendant Spice Entertainment, Inc., formerly known as Spice Entertainment Companies, Inc., (collectively, "Spice"), is a corporation organized and existing under the laws of the State of Delaware, with a principal place of business in Chicago, Illinois. Defendant Spice is a wholly owned subsidiary of defendant Playboy.

Defendant Playboy is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business in Chicago, Illinois.

Defendant Logix is a corporation organized and existing under the laws of the State of California, with its principal place of business in Camarillo, California.

Defendants D. Keith Howington and Anne Howington are citizens and residents of the State of California, residing in Ventura County, California, and are the principal shareholders, officers, and directors of Logix.

Faherty was the Chief Executive Officer of Spice until Playboy acquired Spice on March 15, 1999. In connection with this

acquisition, Spice effected a spin-off of a wholly-owned subsidiary, Directrix, Inc., (hereinafter, "Directrix"), to Spice's shareholders. At that point, Faherty ended his employment with Spice and assumed the position of Chief Executive Officer at Directrix.

The instant action arises from and relates to an alleged breach by Defendants Spice and Playboy of the indemnification provisions applicable to corporate officers and directors, as set forth in the June 13, 1997 Amended and Restated By-Laws (hereinafter, the "By-Laws") of Defendant Spice, presently a wholly-owned subsidiary of Defendant Playboy.

**The California Action**

On May 17, 2001, Logix and the Howingtons, as plaintiffs, commenced suit against Faherty, Spice, Playboy, and other defendants in the Superior Court of California, (hereinafter, the "California Action"). The California Action focused upon an alleged breach of an Agreement dated January 18, 1997, (hereinafter, the "Main Agreement"), between Logix and Emerald Media, Inc. (hereinafter, "EMI").

In the California Action, Logix and the Howingtons sought to hold Spice, Playboy, Faherty and others liable for EMI's alleged breach of the Main Agreement under an alter ego theory of

4

liability. Plaintiffs further alleged that they had been defrauded by Spice, Playboy, Faherty, and others.

Trial in the California Action is scheduled to proceed in late August 2005.

## Defendants Playboy and Spice Settle with Logix and the Howingtons

In February 2004, Logix and the Howingtons entered into a confidential settlement agreement (hereinafter, the "Settlement Agreement") with Defendants Playboy and Spice, in which they settled their claims against Playboy and Spice for $8.5 million. Faherty was not included as a beneficiary of this confidential Settlement Agreement in the California Action.

Based on his exclusion from this agreement, Faherty now seeks, in part, contractual and statutory indemnity from Defendants Playboy and Spice with respect to the claims asserted by Logix and the Howingtons against Faherty in the California Action. Faherty also seeks damages from Defendants Logix and the Howingtons for tortious interference with Faherty's contractual right to indemnity from Defendants Playboy and Spice.

## Discussion

Defendants Logix and the Howingtons (collectively, the "Defendants") are named in only two of the four counts in Faherty's complaint: the Third Count, for tortious interference with contract, and the Fourth Count, for common law conspiracy. As such, the instant motion to dismiss focuses exclusively on these two counts.

### A. Standard of Review

A motion to dismiss pursuant to Rule 12 must be denied "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). For purposes of a Rule 12 motion, all well pleaded allegations are accepted as true, and all inferences are drawn in favor of the pleader. Mills v. Polar Molecular Corp., 12 F.3d 1170, 1174 (2d Cir. 1993).

### B. Defendants Filed Motion to Dismiss for Lack of Personal Jurisdiction in a Timely Fashion

Faherty contends that Defendants failed to file their motion to dismiss pursuant to Rule 12(b)(2), Fed. R. Civ. P., with the Court in a timely fashion, thereby waiving their ability to argue lack of personal jurisdiction.

Both parties agree that Defendants waived the service of summons on May 11, 2004. According to Rule 4(d)(3), Fed. R. Civ. P., "a defendant that, before being served with process, timely returns a waiver so requested is not required to serve an answer to the complaint until 60 days after the date on which the request for the waiver of service was sent." Thus, Defendants were required to serve an answer to the complaint by July 11, 2004.

Defendants served an initial version of a motion to dismiss in June 2004, well in advance of the July deadline and in full compliance with Rule 12(a)(1)(B), Fed. R. Civ. P., which reiterates the 60 day clock set forth in Rule 4(d)(3). See Fed. R. Civ. P. 12(a)(1)(B) (a defendant shall serve an answer "if service of the summons has been timely waived on request under Rule 4(d), within 60 days after the date when the request for waiver was sent. . .") Although Defendants served Faherty with a motion to dismiss in accordance with Rule 4(d)(3), Fed. R. Civ. P., Defendants did not file such motion with the Court until January 14, 2005.

Faherty contends that this delay in filing with the Court constitutes a waiver, thus preventing Defendants from arguing lack of personal jurisdiction at this time. However, as Rule 5(d), Fed. R. Civ. P., makes clear, "all papers after the complaint required to be served upon a party . . . must be filed with the courts in a reasonable time after service."

Defendants explain that the six month delay between serving Faherty and filing with the Court resulted from logistical complications, specifically Defendants' need to find local counsel in New York and for their California counsel to be admitted pro hac vice into New York courts, and from Faherty's request to initiate settlement discussions. Once several months passed without fruitful settlement negotiations, Defendants filed the instant motion with the Court.

Rule 5(d)'s allowance for "reasonable time" to file with the Court includes the time necessary to find local counsel, obtain pro hac vice status for outside counsel, and engage in settlement discussions. Furthermore, it is well established that:

> The federal courts have liberally construed the words "reasonable time" in order to minimize the incidence of technical objections that a paper, although served in ample time, was not filed under Rule 5(d) at the proper time.

4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1152 (3d ed. 2005).

For the foregoing reasons, Defendants' delay in filing the instant motion with the Court did not constitute a waiver. Defendants' motion to dismiss for lack of personal jurisdiction has been filed with Court in a timely manner and in adherence with Rule 5(d), Fed. R. Civ. P.

## C.    Jurisdiction Has Not Been Established

Defendants contend that Faherty's complaint should be dismissed for lack of personal jurisdiction pursuant to Rule 12(b)(2), Fed. R. Civ. P., arguing that Faherty failed to allege sufficient contact between Defendants and the instant forum to subject Defendants to this Court's jurisdiction.

Plaintiffs bear the burden of establishing that the court has jurisdiction over a defendant when served with a Rule 12(b)(2) motion to dismiss.  DiStefano v. Carozzi North American Inc., 286 F.3d 81, 84 (2d Cir.2001); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 507 (2d Cir.1994).  Because an evidentiary hearing has not been held, the plaintiffs need only make a prima facie showing of jurisdiction through the complaint's allegations and affidavits in order to defeat the motion to dismiss.  CutCo Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986); Network Enterprises, Inc. v. APBA Offshore Prods. Inc., 01 Civ. 11765 (CHS), 2002 WL 31050846, at *8 (S.D.N.Y. Sept. 12, 2002).

The facts must be construed in the light most favorable to plaintiffs.  Cooper, Robertson & Partners L.L.P. v. Vail, 143 F. Supp. 2d 367, 370 (S.D.N.Y. 2001) (citing Hoffritz for Cutlery Inc. v. Amajac, Ltd., 763 F.2d 55, 57 (2d Cir. 1985)).  In assessing whether personal jurisdiction is authorized, the court must look

9

first to the long-arm statute of the forum state. <u>Bensusan Rest.</u> <u>Corp. v. King</u>, 126 F.3d 25, 27 (2d Cir. 1997). If the exercise of jurisdiction is appropriate under that statute, the court must decide whether such exercise comports with the requisites of due process. <u>Id.</u>

In a diversity action, the law of the state in which the district court sits governs personal jurisdiction over a nonresident defendant. <u>See</u> Fed. R. Civ. P. 4(k)(1)(A); <u>United</u> <u>States v. First National City Bank</u>, 379 U.S. 378, 381-82 (1965). Here, Faherty argues that Defendants are amenable to suit under New York's corporate presence doctrine and under its long arm statute. <u>See</u> N.Y. C.P.L.R. §§ 301, 302(a)(1)-(4).

## 1.   Corporate Presence Doctrine

Pursuant to caselaw codified by section 301 of New York's Civil Practice Law and Rules, an unlicensed foreign corporation is subject to the general personal jurisdiction of the courts of New York if such corporation is "doing business" in the state. <u>See</u> <u>Landoil Resources Corp. v. Alexander & Alexander Servs., Inc.</u>, 77 N.Y.2d 28, 33, 563 N.Y.S.2d 739, 741, 565 N.E.2d 488, 490 (1990); <u>accord</u> <u>Wiwa v. Royal Dutch Petroleum Co.</u>, 226 F.3d 88, 95 (2d Cir.2000). A defendant corporation is deemed to be "doing business" in New York if it has engaged in "such a continuous and systematic course of [business] here that a finding of its

10

'presence' in this jurisdiction is warranted[.]" _Landoil_, 77 N.Y.2d at 33, 563 N.Y.S.2d at 741, 565 N.E.2d at 490 (citing _Laufer v. Ostrow_, 55 N.Y.2d 305, 309-310, 449 N.Y.S.2d 456, 458, 434 N.E.2d 692, 694 (1982); _Delagi v. Volkswagenwerk AG_, 29 N.Y.2d 426, 430- 31, 328 N.Y.S.2d 653, 655-56, 278 N.E.2d 895, 896 (1972); _Frummer v. Hilton Hotels Int'l_, 19 N.Y.2d 533, 536, 281 N.Y.S.2d 41, 43, 227 N.E.2d 851, 853 (1967).

However, Faherty fails to allege sufficient facts to establish that Defendants were found to have been "doing business" in New York or that Defendants demonstrated any "of the factors indicative of presence" in New York. _Mareno v. Rowe_, 910 F.2d 1043, 1046 (2d Cir.1990). _See_ _also_ _Fremay, Inc. v. Modern Plastic Mach. Corp._, 15 A.D.2d 235, 241-42, 222 N.Y.S.2d 694, 700-01 (1st Dept.1961) (holding that for the purpose of determining whether defendant corporation was doing business in New York, it was of "no particular moment" that (1) the defendant's corporate officers resided in New York and (2) that such officers used their personal offices for incidental transactions relating to their status as officers/investors.)

Faherty simply states that the Main Agreement, dated January 18, 1997, the breach of which gave rise to the California Action, was negotiated in part by EMI and Logix in the State of New York. (Aff. of Patrick J. Monaghan at ¶ 34.) However, the instant suit arises out of Defendants' alleged failure to include Faherty's

11

interests in the negotiation of the Settlement Agreement in February 2004. The location of the negotiation of the Main Agreement, the only fact alleged by Faherty that connects the instant action to the State of New York, is a contextual, or historical, fact but not a salient or sufficient fact conferring in personem jurisdiction under N.Y. C.P.L.R. § 301.

Faherty fails to allege any facts pertaining to the location of the negotiation of the Settlement Agreement. Furthermore, he fails to allege additional facts to qualify Defendants as a corporation "doing business" in the State of New York. As such, Faherty fails to establish personal jurisdiction pursuant to the corporate presence doctrine.

## 2. Long Arm Jurisdiction

New York State's long arm statute provides that:

As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary, or his executor or administrator, who in person or through an agent:

1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or

2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for

12

defamation of character arising from the act, if he

    (i)   regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or

    (ii)  expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from the interstate or international commerce; or

4.   owns, uses or possesses any real property situated within the state.

N.Y. C.P.L.R. § 302(a).

In the complaint, Faherty alleges tortious interference with contract, asserting that,

> By negotiating and entering into a settlement with Spice and Playboy and intentionally excluding plaintiff Faherty, defendants willfully, intentionally, and maliciously interfered with Faherty's contractual right to indemnification from Spice and Playboy.

(Comp. at ¶ 38). Faherty alleges that this same conduct gives rise to the fourth count in the complaint, common law conspiracy, detailing no further allegations against the Defendants.

As stated earlier, to prevail in the pre-discovery stage, Faherty must make a _prima facie_ showing of jurisdiction, and, under a proper Rule 12(b)(2) analysis, all facts must be construed in the light most favorable to Faherty. However, despite this standard,

13

Faherty fails to develop a record that yields a conclusion of <u>prima</u> <u>facie</u> jurisdiction.

       a.   **Count Three:   Tortious Interference with Contract**

       i.   **§ 302(a)(1)**

       Faherty provides no facts to support his allegations that the negotiations and settlement referenced in the complaint affected the transaction of business or the supply of goods and services within the state, as required under N.Y. C.P.L.R. § 302(a)(1). Instead, Faherty offers unsubstantiated allegations that do not establish a presence in New York under C.P.L.R. 302(a)(1). See <u>Cutco Indus.</u> at 365; <u>Network Enterprises, Inc.</u> at *8; <u>Socialist Workers Party v. Attorney General of the United</u> <u>States</u>, 375 F. Supp. 318, 322 (S.D.N.Y. 1974).

       For the purpose of determining whether a given foreign corporation defendant transacted business in New York under N.Y. C.P.L.R. § 302(a)(1), "what counts is not the quantity of contacts with New York, but rather the nature and quality of the contacts." <u>Lawrence Wisser & Co., Inc. v. Slender You, Inc.</u>, 695 F. Supp. 1560, 1563 (S.D.N.Y. 1988). This inquiry focuses on whether the defendant "'engaged in some purposeful activity [here] . . . in connection with the matter in suit.'" <u>Parke-Bernet Galleries, Inc.</u> <u>v. Franklyn</u>, 26 N.Y.2d 13, 16, 308 N.Y.S.2d 337, 340, 256 N.E.2d

506, 507 (1970) (quoting LonginesWittnauer Watch Co. v. Barnes & Reinecke, 15 N.Y.2d 443, 457, 261 N.Y.S.2d 8, 18-19, 209 N.E.2d 68, 75 (1965)). Section 302(a)(1) requires purposeful activities within New York and a "substantial nexus between the transaction of business and the cause of action sued upon." Kahn Lucas Lancaster, Inc. v. Lark Int'l Ltd., 956 F. Supp. 1131, 1134 (S.D.N.Y. 1997). Failure to satisfy either requirement mandates dismissal of the claim for lack of jurisdiction.

The relationship between the business conducted in New York and the claims alleged by a plaintiff must be direct. See Jacobs v. Felix Bloch, 160 F. Supp. 2d 722, 739 (S.D.N.Y. 2001) (holding no personal jurisdiction over plaintiff's copyright infringement claim despite defendant engaging in numerous transactions in New York related to the copyright infringement that was the substance of the suit since these transactions were not directly tied to the plaintiff's claims); see Pieczenik v. Dyax Corporation, 265 F.3d 1329, 1333-34 (Fed. Cir. 2001) (holding no personal jurisdiction over patent infringement claim because mere existence of a contract between foreign defendant and a corporation domiciled in New York was insufficient to prove that foreign defendant transacted business in New York which had a nexus to the induced infringement claims).

According to the Defendants, the negotiation and execution of the Settlement Agreement, the terms of which excluded

15

Faherty and gave rise to the instant suit, purportedly occurred exclusively in California in February 2004 -- a critical fact that remains undisputed by Faherty. Looking further back in time, Faherty argues that _in personem_ jurisdiction flows from the negotiation of the Main Agreement, which occurred prior to and during January 1997. As discussed earlier, Faherty contends that the negotiation of the Main Agreement in 1997, the breach of which constitutes the cause of action in the California Action, occurred in part in New York. Faherty claims that these negotiations "took place in New York as well as California and by phone." (Aff. of Patrick J. Monaghan at ¶ 34.)

However, the Main Agreement, and consequently the negotiation of the Main Agreement, are not the subject of the instant motion. As it now stands, the complaint is silent as to the location of the negotiation of the Settlement Agreement. Thus, Faherty fails to allege sufficient contact with the State of New York arising from the negotiation and eventual settlement of the California Action to sustain a finding of _in personam_ jurisdiction under N.Y. C.P.L.R. § 302(a)(1).

## ii. § 302(a)(2)

To obtain jurisdiction under N.Y. C.P.L.R. § 302(a)(2), the defendant must have been present physically in New York while committing the tort. Feathers v. McLucas, 15 N.Y.2d 443, 459, 261

16

N.Y.S.2d 8, 209 N.E.2d 68 (1965); see also Bensusan, 126 F.3d at 29 (denying jurisdiction under § 302(a)(2) where acts were performed by persons physically present in Missouri even though injury may have been suffered in New York); Carlson v. Cuevas, 932 F. Supp. 76, 80 (S.D.N.Y. 1996) ("To subject non-residents to New York jurisdiction under § 302(a)(2), the defendant must commit the tort while he or she is physically in New York state.").

The tortious act alleged by Faherty is, as explained above, the negotiation and ultimate execution of a settlement between the Defendants and Playboy and Spice. Again, the complaint fails to allege where these negotiations and ultimate settlement took place. Without additional details, Faherty's naked assertion in the Third Count of the complaint does not establish the commission of a tort in New York sufficient to establish jurisdiction under C.P.L.R. 302(a)(2). Conclusory allegations do not substitute for evidentiary facts; hence, Faherty fails to make a showing of prima facie jurisdiction.

### iii.  § 302(a)(3)

Section 302(a)(3), which addresses tortious acts committed outside New York causing injury in New York, also would not confer jurisdiction. See N.Y. C.P.L.R. § 302(a)(3). Again, the simple act of negotiating a settlement agreement in another jurisdiction that affected Faherty, potentially in the State of New

York, is not, by itself, enough. See Sec. Nat. Bank v. Ubex Corp., 404 F. Supp. 471, 474-75 (S.D.N.Y. 1975) (no jurisdiction where injury existed in New York solely because of plaintiff's domicile there); CMNY Capital, L.P. v. Perry, No. 97 Civ. 6172 (MBM), 1998 WL 132846, at *7-8 (S.D.N.Y. Mar.23, 1998) (no jurisdiction with respect to tort claims, including fraud, based on failure to share proceeds from sale of Rhode Island radio stations).

"[C]ourts determining whether there is injury in New York sufficient to warrant § 302(a)(3) jurisdiction must generally apply a situs-of-injury test, which asks them to locate the 'original event which caused the injury.'" Whitaker v. American Telecasting, Inc. 261 F.3d 196, 208-09, (2d Cir. 2001) (citing Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez, 171 F.3d 779, 791 (2d Cir. 1999) (citation omitted)). "[T]he situs of the injury is the location of the original event which caused the injury, not the location where the resultant damages are felt by the plaintiff." Id. (citing Mareno v. Rowe, 910 F.2d 1043, 1046 (2d Cir. 1990) (internal citation/quotations omitted)) (where plaintiff lived in New York and sued his New Jersey employer for wrongful discharge, situs of injury was location of events which caused injury, i.e., New Jersey, not place where economic consequences were felt, i.e., New York); see also Hermann v. Sharon Hosp., Inc., 135 A.D.2d 682, 683, 522 N.Y.S.2d 581, 583 (2d Dep't 1987) (in medical malpractice action, situs of injury was place where plaintiff received medical treatment, not where the effects of the doctor's negligence were

18

felt). "The occurrence of financial consequences in New York due to the fortuitous location of plaintiffs in New York is not a sufficient basis for jurisdiction under § 302(a)(3) where the underlying events took place outside New York." <u>Id.</u> (citing <u>United Bank of Kuwait v. James M. Bridges, Ltd.</u>, 766 F. Supp. 113, 116 (S.D.N.Y. 1991)).

Faherty's own allegations make clear that the "original event which [allegedly] caused the injury" was the Defendants' act of entering into the settlement. Since that occurred in California, the "situs-of-injury" is California -- not New York. Thus, there is no personal jurisdiction under N.Y. C.P.L.R. § 302(a)(3), as the Defendants' allegedly tortious acts were committed outside the State of New York and did not cause any injury to Faherty within the State of New York.

Moreover, even if there were a basis for finding that Faherty, who admits he is a resident of New Jersey and not of New York, did suffer injury in New York (which Faherty does not allege in the complaint), there still would be no basis for the exercise of personal jurisdiction pursuant to § 302(a)(3). First, Faherty fails to allege that Defendants derive "substantial revenue" from New York or otherwise engage in a "persistent course of conduct" in New York. N.Y. C.P.L.R. § 302(a)(3)(i). And second, Faherty fails to allege that Defendants did expected, or had any reason to expect, that their acts of entering into the settlement in

19

California with Playboy and Spice would have any foreseeable consequences whatsoever in the State of New York. <u>See</u> N.Y. C.P.L.R. § 302(a)(3)(ii).

As such, Faherty fails to allege fact giving rise to <u>in personam</u> jurisdiction pursuant to N.Y. C.P.L.R. § 302(a)(3).

### iv. <u>§ 302(a)(4)</u>

Section 302(a)(4) provides for personal jurisdiction over a non-domiciliary who "owns, uses or possesses any real property situated within the state." N.Y. C.P.L.R. § 302(a)(4). Faherty's allegations of tortious interference do not involve the use or possession of any property in the State of New York. Thus, this section of New York's long-arm statute is inapplicable and cannot confer personal jurisdiction to the Court in this matter.

### b. <u>Count Four: Common Law Conspiracy</u>

With respect to Count Four of the complaint, common law conspiracy, Faherty alleges that "[t]he defendants conspired between and among themselves to deprive plaintiff of the right to indemnification." (Compl. at ¶ 47). However, the complaint alleges only one theory of liability against Defendants -- Count Three alleging tortious interference with contract. Faherty does not allege any additional conduct by Defendants to support his

20

common law conspiracy claim; instead, he relies exclusively on the alleged conduct underlying the tortious interference claim. As explained above, that theory of liability does not confer personal liability onto the Court. Since those allegations do not support a finding of in personam jurisdiction, the conspiracy claim, which arises out of the identical factual record alleged to underlie the tortious interference claim, also fails to confer in personam jurisdiction.

Finally, as a tangential note, Faherty argues that Defendants, in particular Logix, were subject to personal service in this judicial district and thus subject to proper venue in this judicial district under 28 U.S.C. § 1391(a), giving rise to in personam jurisdiction over the Defendants. This is an improper conflation of venue and in personam jurisdiction and a mistaken interpretation of both New York State's long-arm statute, see N.Y. C.P.L.R. § 302(a), and the federal venue statute, see 28 U.S.C. § 1391(a).

As the factual record fails to make the requisite showing of prima facie jurisdiction, sections 301 and 302(a)(1)-(4) of the New York State long-arm statute do not confer personal jurisdiction to this Court over Defendants in the instant matter.

## Conclusion

Given the foregoing reasons, the complaint is dismissed without prejudice for lack of personal jurisdiction. In the absence of such jurisdiction, the Court will not address the merits of the remaining issues. Faherty is granted leave to replead within thirty (30) days of entry of this opinion.

It is so ordered.

New York, NY
August 18 , 2005

ROBERT W. SWEET
U.S.D.J.

22